UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ERNEST LENEAU,

                          Plaintiff,                          16-CV-893 (RA)(BCM)

        -against-

THE CITY OF NEW YORK, CORRECTION OFFICER
NATASHA CLEARY, Shield No. 11078, and
CORRECTION OFFICER MELISSA PAUL, Shield No.
3048,

                          Defendants.

------------------------------------------------------------------------- x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York,
Natasha Cleary, and Melissa Paul*
100 Church Street
New York, New York 10007
(212) 356-3520

Of Counsel:

Ariel Lichterman

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO OFFER ANY EVIDENCE TO RAISE A GENUINE ISSUE OF MATERIAL FACT.

In response to Defendants' Motion for Summary Judgment, Plaintiff filed an Affirmation in Opposition ("Pl. Opp.," or "opposition"),[1] but offered not a single citation to any admissible evidence in support of his opposition. Instead, he offers mere conclusory arguments and unsupported factual allegations that fail to raise a genuine dispute of material fact sufficient to defeat the instant motion. Although "special latitude" and "extra consideration" are typically granted to *pro se* plaintiffs, "proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment, and a *pro se* party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Nelson v. Rodas, No. 01-CV-7887 (RCC) (AJP), 2002 U.S. Dist. LEXIS 17359, at *34-36 (S.D.N.Y. Sep. 17, 2002) (citing Cole v. Artuz, No. 93-CV-5981, 1999 U.S. Dist. LEXIS 16832, (S.D.N.Y. Oct. 28, 1999)). Plaintiff has not adduced any evidence to dispute any of facts set forth in Defendants Statement pursuant to Local Civil Rule 56.1 ("Def. 56.1"). Rather, he simply states that "everything that I said is true and facts" and that Defendants' motion should be denied "because I have a case that I will win if put before a jury." Pl. Opp. at 3. However, because the evidence relied upon by Defendants supports the factual assertions set forth in their 56.1 Statement, and because Plaintiff has cited no evidence to contest these facts, Defendants' 56.1 should be admitted in its entirety and accepted as true for the purposes of the instant motion.

---

[1] Any reference herein to page numbers in Plaintiff's Opposition will be to the version filed via ECF at Docket Entry No. 50, which has pages numbered 1-7.

## POINT II

## PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES.

Plaintiff cannot show that he fully complied with, *and exhausted*, the administrative procedures of the Prisoner Litigation Reform Act of 1996 ("PLRA"), as he is required to do. In fact, Plaintiff's Opposition confirms that he failed to comply fully with the PLRA. For instance, he does not contest that he filed his grievance late. See Def. 56.1 at ¶23; Pl. Opp., p. 4 (not mentioning the untimely filing). And contrary to his previous sworn testimony, see Def. 56.1 at ¶¶ 23-24, he *now* claims, without any evidentiary support, that his initial grievance was in fact answered, and that instead of following the procedures to appeal or request a hearing, he re-submitted his grievance directly to the warden and Central Office Review Committee, asked an unidentified person for a hearing, and wrote a letter to the DOC Commissioner. See Pl. Opp., p. 4. However, "[c]ourts have repeatedly held that complaint letters to the . . . Commissioner or the facility Superintendent do not satisfy the PLRA's exhaustion requirements." Nelson v. Rodas, No. 01-CV-7887 (RCC) (AJP), 2002 U.S. Dist. LEXIS 17359, at *11 (S.D.N.Y. Sep. 17, 2002). Moreover, "[s]trict compliance" with the grievance procedures is required. See George v. Morrison, No. 06 Civ. 3188 (SAS), 2007 U.S. Dist. LEXIS 42640, at *14-15 (S.D.N.Y. June 11, 2007) (citing cases); Woodford v. Ngo, 548 U.S. 81, 94 (2006) (holding that the PLRA requires proper *and* complete exhaustion). Plaintiff has not, therefore, established his compliance with, and exhaustion of, the administrative procedures available to him. Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's claims.

## POINT III

### PLAINTIFF CANNOT ESTABLISH THE ELEMENTS OF HIS DELIBERATE INDIFFERENCE TO HIS MEDICAL NEEDS CLAIM.

As an initial matter, Plaintiff has not opposed Defendants' argument that Officer Melissa Paul had no involvement in any alleged delay in providing Plaintiff with medical treatment. Nor has he offered any evidence to show that she was involved. Thus, all claims against Officer Paul should be dismissed for her lack of personal involvement. See Youmans v. Schriro, 2013 U.S. Dist. LEXIS 171180, *12 (S.D.N.Y. Sept. 4, 2013). Additionally, Plaintiff has not raised a genuine dispute of material fact with respect to either the objective or subjective elements of his claim for deliberate indifference to his medical needs, and thus this claim should be dismissed in its entirety against all Defendants.

**A.    Plaintiff Cannot Establish That He Had An Objectively Serious Medical Condition.**

Although not entirely clear from his Opposition, Plaintiff *appears* to argue that he did, in fact, suffer a sufficiently serious medical condition. In support of this contention, he cites no evidentiary support. See Id. Instead, he simply claims, without providing any evidence, that he continues to suffer from a hematoma to his head and pain in his neck, back, and shoulders. See Pl. Opp. at pp. 4-5. However, he has not shown how his alleged injury, at the time of the incident, was "a condition of urgency . . . that may produce death, degeneration, or extreme pain." Vargas v. City of N.Y., No. 13-CV-3188 (SLT), 2017 U.S. Dist. LEXIS 49634, at *32-33 (E.D.N.Y. Mar. 30, 2017) (quotation omitted). Nor has he shown how the temporary delay in his treatment posed a "significant risk of serious harm." See Patterson v. Westchester County, 13-CV-0194 (PAC)(AJP), 2014 U.S. Dist. LEXIS 50763, at *18-19 (S.D.N.Y. Apr. 11, 2014) (adopted at 2014 U.S. Dist. LEXIS 82437 (S.D.N.Y. June 16, 2014)). In fact, he concedes that

3

his neck, back, and shoulder pain did not even surface for numerous months after the incident. See Pl. Opp. at pp. 4-5. Thus, he cannot show that these problems were "actual medical consequences that flow from the alleged denial of care." Patterson, 2014 U.S. Dist. LEXIS at *18-19.

Moreover, Plaintiff admits that when he bumped his head, the only symptom he experienced was momentary dizziness. Def. 56.1 at ¶ 5; Pl. Opp. at p. 4. And he admits that the pain and dizziness were not even severe enough to keep him awake that night. Def. 56.1 at ¶¶ 5-7, 9, 11; Pl. Opp. at p. 4. In fact, it remains undisputed that his symptoms were so mild that he did not request *any* medical attention for two whole days. Def. 56.1 at ¶ 12. When he did receive medical treatment, his only symptom was a contusion to his head with mild or no pain, which was treated with ice and Tylenol, and which improved within two weeks of the incident. See Def. 56.1 at ¶¶ 15-16. Thus, the undisputed factual record is unambiguous that Plaintiff suffered, at most, a minor condition, not one of "urgency . . . that may produce death, degeneration, or extreme pain." Vargas, 2017 U.S. Dist. LEXIS at *32-33; see also Lewis v. Cavanugh, 2017 U.S. App. LEXIS 5508, at *3 (2d. Cir. Mar. 30, 2017) (finding swelling to the head, bruising, abrasions, dizziness, and double vision insufficiently serious to meet the objective element); Edmonds v. Cent. N.Y. Psychiatric Ctr., No. 10-CV-5810 (DAB) (KNF), 2011 U.S. Dist. LEXIS 95497, at *13 (S.D.N.Y. Aug. 25, 2011) (whether a doctor would find the injury significant, whether the injury affects daily activities, and whether there is chronic and substantial pain are factors relevant to determination of serious condition).

Plaintiff attempts to bolster his claim that his condition was serious by explaining that although he performed work after the incident, he required pain medication and had to remain seated in order to complete his work. Pl. Opp. at 5. However, he fails to acknowledge that

4

after the incident, he regularly worked jobs requiring him to take out the garbage, sweep, clean, and serve food, in addition to his seven-hour shifts of suicide prevention watch. See Def. 56.1 at ¶ 17. Thus, it is undisputed that he was in fact able to complete physical tasks while standing, and that with the mere assistance of pain medication, his daily activities were in no way limited by his alleged serious condition. See Edmonds v. Cent. N.Y. Psychiatric Ctr., No. 10-CV-5810 (DAB) (KNF), 2011 U.S. Dist. LEXIS 95497, at *13 (S.D.N.Y. Aug. 25, 2011). Plaintiff has therefore failed to raise a genuine dispute of material fact as to the objective prong of his claim for deliberate indifference to his medical needs.

**B.      Plaintiff Cannot Establish That Defendants Recklessly Delayed His Medical Care.**

Plaintiff's only argument that the subjective prong is met appears to be his bald assertion that "[t]o not allow me adequate medical attention is on the C.O. in charge. By bring [sic] me 2 days later is negligent toward the C.O. in charge." Pl. Opp. at p. 6. Plaintiff has not shown that Officer Cleary "knew, or should have known," that her conduct posed an "excessive risk" to Plaintiff's health or safety. Lloyd v. City of N.Y., No. 14-CV-9968 (GHW), 2017 U.S. Dist. LEXIS 49526, at *29 (S.D.N.Y. Mar. 31, 2017). Plaintiff has failed to account for the fact that he did not even request medical attention for two additional days because he felt it was "nothing." Def. 56.1 at ¶ 5-7. Had Plaintiff felt he was suffering from a serious condition, he likely would have made repeated requests for medical treatment, described his serious symptoms, and would not have been able to fall back to sleep or resume his normal activities. Thus, he cannot show that Officer Cleary should have known that delaying his treatment posed *any* risk, let alone an *excessive* risk, to his health, when even he did not and should not have known.

Moreover, Plaintiff cannot dispute that any delay in providing him with medical treatment was the result both of him not requesting medical attention and the facility-wide lockdown, rather than any intentional or reckless conduct on the part of Officer Cleary. Def. 56.1 at ¶ 6-9, 11. As such, Plaintiff cannot establish that Officer Cleary intentionally or recklessly delayed providing him with medical treatment, nor is there any evidence to suggest that she did. See Vargas v. City of N.Y., No. 13-CV-3188 (SLT), 2017 U.S. Dist. LEXIS 49634, at *37 (E.D.N.Y. Mar. 30, 2017) (subjective element not met where the delay was the result of unintentional staff shortages).

## C. Plaintiff Cannot Establish That He Was Provided Inadequate Treatment.

Plaintiff's Opposition makes clear that his true intention in bringing this lawsuit is to contest the adequacy of the medical treatment he received. For instance, Plaintiff states that his injuries were the result of "the officer banging on the cell door, and medical not doing their job as get a MRI to make sure I was ok. . . . A doctor sould [sic] no [sic] what to do if a inmate come in with a head injury." Pl. Opp. at p. 5. Similarly, he states that "once I came to OBCC the medical staff got me better attention to my needs. But I still have to have surgery on my neck and head." Id. at p. 6. Thus, it is clear that Plaintiff believes the treatment he received was inadequate and was the cause of his present condition. Nevertheless, there is no dispute that the individual Defendants had no personal involvement in Plaintiff's actual medical treatment. Moreover, Plaintiff's "mere disagreement over the proper course of treatment does not create a constitutional claim." Brown v. Wright, No. 04-CV-0462 (RWS), 2005 U.S. Dist. LEXIS 31239, at *13-14 (S.D.N.Y. Dec. 6, 2005). Defendants are therefore entitled to summary judgment on Plaintiff's claim for deliberate indifference to his medical needs.

## POINT IV

### DEFENDANTS CLEARY AND PAUL ARE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff does not contest that Defendants Natasha Cleary and Melissa Paul are entitled to summary judgment on the basis of qualified immunity. Instead, he argues that it is "not up to the C.O. to make a decision on what should go to sick call or not everyone should be allowed." Pl. Opp. at p. 6. In other words, he does not contest the particular actions of the Defendants here, but instead claims that no correction officer should ever delay or deny an inmate's request for medical attention under any circumstances. This is simply not the law. Rather, an officer is entitled to qualified immunity if it was objectively reasonable for the officer to believe his or her conduct was lawful, i.e. if officers of reasonable competence could disagree. See O'Neill v. Town of Babylon, 986 F.2d 646, 649-50 (2d Cir. 1993) (citation omitted). The facts and circumstances presented here cannot support a conclusion that the delay in providing medical treatment to Plaintiff was "so flawed that no reasonable officer would have made a similar choice." Lennon v. Miller, 66 F.3d 416, 420-21, 425 (2d Cir. 1995). Defendants Cleary and Paul are therefore entitled to qualified immunity.

## POINT V

### PLAINTIFF CANNOT ESTABLISH THE ELEMENTS OF HIS CLAIMS AGAINST THE CITY OF NEW YORK.

Plaintiff has proffered no evidence to support his claim for municipal liability against the City of New York. He simply claims, in conclusory fashion, that "D.O.C. needs a directive that allow [sic] C.O. to take anyone how [sic] has a injury to sick call." Pl. Opp. at p. 6. This is insufficient to establish his Monell claim, or even to raise a genuine dispute of material fact sufficient to sustain this claim. He has failed to establish an underlying constitutional

7

violation, as argued above, the existence of a municipal custom or policy, or that the alleged violation was caused by the custom or policy. See Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122 (2d Cir. 1991); Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987). The City should therefore be granted summary judgment on Plaintiff's municipal liability claim.

### POINT VI

### PLAINTIFF CANNOT ESTABLISH THE ELEMENTS OF HIS FIRST AMENDMENT CLAIM.

Plaintiff has not even addressed, let alone proffered any evidence to support, his First Amendment claim. This claim should therefore be dismissed as abandoned. See Youmans v. Schriro, 2013 U.S. Dist. LEXIS 171180, *12 (S.D.N.Y. Sept. 4, 2013). Moreover, he has not adduced any evidence to show that his First Amendment rights were violated in any way. See, e.g., Kuck v. Danaher, 600 F.3d 159, 168 (2d Cir. 2010). Defendants are therefore entitled to summary judgment on Plaintiff's First Amendment claim.

## **CONCLUSION**

For all the foregoing reasons, and for the reasons set forth in Defendants' original moving papers, Defendants respectfully request that the Court grant their motion for summary judgment dismissing Plaintiff's complaint in its entirety, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:	New York, New York
	September 1, 2017

>	ZACHARY W. CARTER
>	Corporation Counsel of the City of New York
>	*Attorney for Defendants City, Cleary and Paul*
>	100 Church Street
>	New York, NY 10007
>	(212) 356-3520
>
>	By:	/s/
>
>	Ariel Lichterman
>	Assistant Corporation Counsel
>	Special Federal Litigation Division

TO:	(Via First Class Mail)
	Ernest Leneau
	*Pro Se Plaintiff*
	Inmate # 141-141-3352
	Otis Bantum Correctional Center
	1600 Hazen Street
	East Elmhurst, NY 11370